NO. 7620                    STATE OF LOUISIANA

MRS KATE PATTERSON HAAG
ADMINISTRATRIX, ETC
                            COURT OF APPEAL

        VS

E. Z. OPENER BAG CO, ET AL      PARISH OF ORLEANS
-------------------------------------------------------------

# O P I N I O N.

St. Paul, Judge.

This action arises under the Employer's Liability Act (Workman's Compensation Statute) No 20 of 1914, amended by No 243 of 1916.

It involves the interpretation of the terms "family of the deceased" as used in Section 8, of Paragraph "f" subsection 8 (page 515), reading as follows;

(8) If there be neither widow nor widower, nor child nor dependent parent xxxx then (compensation shall be paid) to the brothers and sisters and other dependent members of the family of the deceased not hereinabove specifically provided for, if x x x áftually dependent upon the deceased for support to any extent at the time of the accident, etc"

The claim for compensation herein made is on behalf of a nephew and niece of the deceased employee, who though dependent upon him for support, at least at ######## to some extent, yet were not under his authority, either legal or actual, and did not reside with him.

We say that the nephew and niece were dependent on their uncle at least to some extent, because the evidence shows that although their father lived, yet he had long abandoned them and their mother, and contributed nothing to their support; that their mother could barely provide for herself; and that the deceased was the práncipal contributor towards their support. Nevertheless they were not under his authority because their father (not then divorced nor legally seperated from their mother) was legally in authority over them, and the actual authority over them was exercised by their mother who had placed them under the roof  of her sister and the latter's husband; the deceased residing elsewhere and pretending to no authority whatever over them.

On behalf of the claimants it is contended that the statute uses the terms "family of the deceased" in the sense of blood relations, or descendants from a common root; whilst on the other

599

hand defendants urge that the terms are used in the sense of a household presided over by the deceased, meaning those who live under his authority.

Upon due consideration we think the statute uses the terms in the latter rather than in the former sense; and we think so for these reasons.

I.

Subsection 8 aforesaid unquestionably uses the terms in the same sense as used in the following provision taken from subsection 12 of the same section and paragraph, viz;

"Compensation shall be payable x x x on account of any child or brother or sister or other dependent member of the family not otherwise provided for, only if and while x x x under the age of 18 years, etc," (p. 516)

And that provision undoubtedly uses the terms in the same sense as in the following provision taken from the same subsection, viz;

" x x x The term child or children shall cover only legitimate children or acknowledged illegitimate children, but shall include step children and adopted children of members of decedent's family at the time of his death, etc." (p.516)

But it is clear that in the latter provision the terms cannot refer to blood relationship, since blood relationship cannot cease and a provision which would require that same should continue until death would be meaningless. Hence the word family is there used in some other sense; and its broadest meaning when otherwise used is that contended for by defendant. C. C. 3556 #12.

II.

Likewise the word family in ~~#########~~ subsection 8 aforesaid, is of course used in the same sense as used in the original section of the main act, Nº 20 of 1914 (Section 8, paragraph C, page 52) reading as follows;

" x : x No person shall be considered dependent unless a member of the family of 'the deceased employee, or bearing to him the relation of husband or wife, or desecendant or ascendant, or brother or sister, or legally adopted child."

But here also the word family cannot have been meant in the sense of blood relationship, since it is followed by the words "descendant or ascendant, or brother or sister," put in the alternative although included within that word if used in the sense of relationship; and hence was evidently meant in some other sense, the broadest possible being that contended for by defendant as aforesaid.

### III.

The Employers Liability Act (Workmens Compensation Statute) is neither peculiar to, nor original within this jurisdiction; it is derived from and intended to accomplish the same purpose as statutes of a similar nature previously in force in the New England States; so that the terms of our act must have been meant in the same sense as similar terms used in the statutesof those states.

Now the statute of Massachussetts provides that"dependents shall mean, members of the employees family or next of kin, who are wholly or partially dependent upon his earnings." See In re Kelly, 111 N. E. Rep. 395.

And the Supreme Court of Massachussetts has four times interpreted the word family as used in that statute to mean membership in a household presided over by the deceased and subject to his authority.

In re Kelly, 111 N. E. Rep 395
In re Murphy, 113 N. E. Rep 285
In re Cowden, 113 N. E. Rep 1036
In re Murphy, 117 N. E. Rep 794

Under the circumstances we think our statute use the words "family of the deceased employee", not in the sense of blood relationship, but in the sense of membership in his household or subjection to his authority.

The judgment appealed from is therefore affirmed.